RALPH E. COREY and LILLIAN HAGOPIAN COREY,
Plaintiffs-Appellees, *v.* JONATHAN MANOR, INC., a
California corporation, Defendant-Appellant

NO. 5966

JUNE 21, 1978

RICHARDSON, C.J., KOBAYASHI, MENOR,
KIDWELL, JJ., AND CIRCUIT JUDGE SODETANI
IN PLACE OF OGATA, J., DISQUALIFIED

*Per Curiam.* This is an appeal from a judgment of permanent injunction restraining a judgment creditor from executing upon certain real property.

Defendant-appellant Jonathan Manor, Inc. is a judgment creditor of plaintiff-appellee Ralph E. Corey, and plaintiff-appellee Lillian Hagopian Corey is the former wife of Mr. Corey. Two pieces of property are involved in the proceedings, and we will refer to them hereafter as the "Pacific Heights property" and the "Kalia Co-op apartment."

Mr. and Mrs. Corey were divorced from each other on February 1, 1973. A decree of absolute divorce was entered on that date. It expressly provided that the division of the property of the parties was being reserved for future determination. The trial court's findings of fact in the action for permanent injunction show that at the time of the divorce Mrs. Corey held title to the Pacific Heights property as sole tenant. The Kalia Co-op apartment was held in tenancy by the entirety.

By "Further Decision and Order" entered on March 14, 1973, in FC-D No. 69628, as amended by an Order entered on

November 14, 1974, by the Family Court, the following disposition was made of the two parcels of real property:

> "*To plaintiff* [*Mr. Corey*] *and defendant* [*Mrs. Corey*] *as joint tenants* (with rights of survivorship) for so long as they both survive, with right in defendant during the period of joint ownership (while they both survive) to manage said properties and collect rents, disburse payments and retain net rental after all expenses, mortgage payments and charges are paid:

> > Pacific Heights property
> > Kalia Co-op apartment."

In handing down its amendatory ruling, the family court explained that "[its] decision should have stated that during her lifetime she has a right to these things and the right of survivorship." And while it declined to answer the question of whether Mr. Corey's interest was immune from levy and execution, the court did say: "Well, it is subject to the right of survivorship, and she has a lifetime interest."

We are satisfied that the intent and effect of the decree was to vest in Mrs. Corey the right to management and use of the *entire* property during her lifetime, as well as an express right of survivorship to the fee "for so long as they both survive." This disposition was authorized by HRS § 580-47 which provides that "[u]pon granting a divorce, the court may make such further orders as shall appear just and equitable . . . finally dividing and distributing the estates of the parties, real, personal or mixed, whether community, joint or separate rate."

By judicial decree, neither Mrs. Corey's life interest nor her right of survivorship could be defeated by the unilateral action of Mr. Corey. Conversely, Mr. Corey's right of survivorship could not be defeated by the unilateral action of Mrs. Corey. His interest in the property in this case, which consisted of a remainder in fee contingent upon his surviving Mrs. Corey, was subject to alienation and to levy and execution. *Cf. Motors Co. v. Nalaielua,* 31 Haw. 418 (1930); *Christian v. Waialua Agr. Co.,* 31 Haw. 817, 907 (1931).

*Compare, Sawada v. Endo,* 57 Haw. 608, 561 P.2d 1291 (1977).[1]

Reversed.

*Edward A. Jaffe* for defendant-appellant.

*Helen B. Ryan* for plaintiff-appellee Ralph E. Corey.

*Lillian Hagopian Corey* plaintiff-appellee pro se.

---

[1] In Sawada, we established the rule that during the marriage, the interest of the husband or wife in property, held in tenancy by the entirety, is not subject to the claims of his or her individual creditors.